**BOYD, Appellee, v. HADLEY, Appellee, RAINS, Appellant.**

Ohio Appeals, First District, Hamilton County.

No. 6387. Decided March 27, 1944.

Oliver W. Hardin, Cincinnati, for Frank Boyd, Jr.
Fred L. Hoffman, Cincinnati, for William Rains.

354

 

OPINION

BY THE COURT:

The appellant testified that he entered Spring Grove Avenue from a driveway on private property. Under such circumstances, §6310-29 GC, required him to "yield the right of way to all other vehicles." Hadley was proceeding in a flow of traffic in Spring Grove Avenue and under §6310-28 GC, had the right to "proceed uninterruptedly in a lawful manner" in the direction in which he was "moving in preference to another vehicle approaching from a different direction" into his path. This gave him the "absolute right of way—qualified only by the requirement that, in proceeding uninterruptedly," he must "proceed in a lawful manner." **Morris v. Bloomgreen, 127 Oh St, 147.**

Hadley testified that he was proceeding at 25 miles per hour and that his lights were on. If so, he had the absolute right of way over the appellant.

The appellant testified that Hadley's lights were not on and two other witnesses directly corroborated him on this point. Another witness' testimony also tended to corroborate him. However, all of these corroborating witnesses testified that Hadley's automobile was seen by them, at such a distance as would have permitted the appellant to see it in plenty of time to avoid leaving the driveway and entering his path so close as to make it impossible for Hadley to avoid striking his automobile. At most, the absence of headlights would place Hadley and appellant upon the same plane and require each to use ordinary care.

The Municipal Court of Cincinnati found in favor of the plaintiff against the appellant. The Common Pleas Court affirmed that judgment.

We are of the opinion that the judgment is supported by ample evidence.

The judgment is affirmed.

ROSS, P. J., HILDEBRANT and MATTHEWS, J. J., concur.